UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JUAN MANUEL RAMIREZ VILLALBA,

    Plaintiff,

vs.

FEDERAL OFFICIALS,

    Defendants.

Case No. CV 13-4843-AG (DTB)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff currently is incarcerated at the McRae Correctional Facility in McRae, Georgia. On July 16, 2013, he filed this pro se civil rights action. The gravamen of plaintiff's claims is that while incarcerated at the Federal Correctional Complex ("FCC") in Lompoc, California, defendants provided plaintiff with inadequate medical care in violation of his rights under the Eighth Amendment to the United States Constitution. (Complaint at 14.)[1]

---

[1] Plaintiff has attached supporting and exhibits throughout his Complaint which are not consecutively number. The Court has re-numbered the pages of the (continued...)

Specifically, plaintiff alleges that the defendants disregarded his repeated requests for proper medial treatment, refused to properly treat plaintiff's throat infection and ignored plaintiff's complaints of pain and suffering. (Id.)

The Complaint purports to be brought pursuant to 42 U.S.C. § 1983. Named in the Complaint as defendants in their official capacities are the following FCC employees: Mahesh Patel ("Patel"), Health Service Administrator; Jaspal Dhaliwal ("Dhaliwal"), Medical Doctor; David Tejada ("Tejada"), Mid-Level Practitioner; Oscar Salcido ("Salcido"), Mid-Level Practitioner; and Linda Sanders ("Sanders"), Warden at FCC.

Plaintiff purports to be seeking monetary and compensatory damages against all defendants.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing

---

[1](...continued)
Complaint for convenience and clarity.

pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where the allegations in a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief'." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009), quoting Fed. R. Civ. P. 8(a)(2). Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the

///
///

claims in a complaint are not found to be wholly without merit. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996); <u>Nevijel v. Northcoast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the Complaint is dismissed with leave to amend. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a <u>pro se</u> litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

### I. **Plaintiff's allegations are insufficient to state a § 1983 claim for monetary damages against the defendants in their official capacities.**

In <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. See <u>id.</u> at 64-66; <u>see also</u> <u>Romano v. Bible</u>, 169 F.3d 1182, 1185 (9th Cir. 1999); <u>Stivers v. Pierce</u>, 71 F.3d 732, 749 (9th Cir. 1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, <u>i.e.</u>, money damages." <u>Bair v. Krug</u>, 853 F.2d 672, 675 (9th Cir. 1988).

///

4

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983. As plaintiff has sued all defendants in their official capacities, the Complaint must be dismissed.

******************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document. The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: August 23, 2013

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE